\*\* E-filed March 30, 2012 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANCISCO VASQUEZ; ET AL., | No. C11-06183 HRL |
| Plaintiffs,<br>v. | **ORDER DISMISSING CASE WITH PREJUDICE** |
| SELECT PORTOFOLIO SERVICES INC., LLC; ET AL., | |
| Defendants. | |

This dispute has a long history in federal court. The action arises out of plaintiffs Jose and Francisco Vasquez's claim that they have an interest in real property located in San Benito County that was foreclosed upon and sold. Plaintiffs claim that the assignment of the note and deed of trust was fraudulent and unlawful, and seek return of the property as well as money damages. Plaintiffs sue a host of entities who were allegedly involved in the foreclosure and sale.

Plaintiffs Jose and Francisco Vasquez first brought this suit to federal court as a "removal" of an unlawful detainer action that defendants brought against the Vasquezes in San Benito County Superior Court. See Vasquez et al. v. Cal Western Reconveyance Corp. et al., No. C10-01679-JF (Aug. 9, 2010). This court, finding no basis for federal subject matter jurisdiction, remanded the case. Id.

Before the aforementioned case was dismissed, but after plaintiffs were alerted to the probable lack of subject matter jurisdiction, plaintiffs filed a second lawsuit in federal court. See

Vasquez et al. v. Cal Western Reconveyance Corp. et al., No. C10-03411-PVT (March 22, 2011). In this action, plaintiffs make the same claims as in the first case. Plaintiffs failed to pay the required filing fee, and the case was dismissed. No appeals were taken from the dismissals of these two actions.

Shortly after the dismissal of the second lawsuit, plaintiffs filed a third action in federal court. See Vasquez et al. v. Home Loan Services, Inc. et al., No. C11-01701-EJD (July 12, 2011). Although the complaint is inarticulate and nearly incomprehensible, it seems to allege the same grievance as pled in the first two actions. Plaintiffs applications to proceed *in forma pauperis* were denied, and the case was ultimately dismissed for plaintiffs' failure to pay the filing fee. Plaintiffs appealed this dismissal, and on November 15, 2011, the 9th Circuit "summarily affirmed" the district court's judgment, saying that "the questions raised in this appeal are so insubstantial as not to require further argument." See Vasquez et al. v. Home Loan Services, Inc. et al., No. 11-16698 (Nov. 15, 2011).

This brings us to the present case. A new plaintiff, Olga Vasquez, has been added. The complaint is again nearly incomprehensible, but clearly alleges the same grievance against the host of defendants allegedly involved in the foreclosure and sale of the San Benito County property. Also in this complaint is an overlay of additional complaints plaintiffs have about the disposition of the third lawsuit in this series of actions. Plaintiffs express their discontent that this court dismissed their case and that the 9th Circuit affirmed the dismissal. They even suggest that "employees for the [United States District Court] may be among parties acting on behalf of the defendants or their attorneys." Dkt. No. 9, p. 3 ("Amended Complaint").

In the present action, the court denied plaintiffs' application to proceed *in forma pauperis*, but reduced the filing fee to $250.00 and gave plaintiffs a deadline for paying the fee. Plaintiffs never paid.[1] Dkt. No. 13. Accordingly, the action is dismissed for failure to pay the filing fee.

---

[1] Plaitniffs have argued vehemently that the court should reconsider its decision to deny the IFP application. In support of their argument, plaintiffs have repeatedly informed the court that their IFP applications have been granted in their earlier cases. However, this court considered the IFP application before it in this matter and determined that IFP status would be inappropriate. On March 29, plaintiffs filed "additional documents to establish in forma pauperis status." These consist of: 1) two pages of illegible handwritten pages; 2) the copy of a consent form filed in C11-01701-EJD; 3) an order granting IFP status in C10-01679-HRL; and 4) a page that appears to contain printed email

United States District Court
For the Northern District of California

In addition, the case must be dismissed because the *Rooker-Feldman* doctrine prohibits this court from exercising jurisdiction over plaintiffs' claims. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (U.S. 1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (U.S. 1923). The federal district courts have no jurisdiction to review state-court judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005); see also Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." Noel, 341 F.3d at 1164. The court must consider the relief sought by the federal court plaintiff—a claim that seeks the "undoing" of a prior state court judgment is "clearly barred" by the doctrine. Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003).

The plaintiffs' complaint clearly seeks reversal of the state court judgment they received in the San Benito County Superior Court and on appeal to the Sixth Appellate District. Plaintiffs' remedy, if they are unhappy with the outcome in a state court action, is to proceed with the appeals process in the state courts. The *Rooker-Feldman* doctrine prohibits this court from hearing plaintiffs' claim, and the court finds that plaintiffs would be unable to establish subject matter jurisdiction even if they were given leave to amend this claim. No matter what plaintiffs were to claim in this or any subsequent federal lawsuit, this court will never be able to undo or change the judgment entered by the San Benito County Superior Court. Accordingly, plaintiff's complaint is DISMISSED with prejudice.

CONCLUSION

The Court dismisses this case with prejudice and directs the Clerk to close the file.

**IT IS SO ORDERED.**

Dated: March 30, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

messages between one of the plaintiffs and an attorney. These documents offer no support for plaintiffs' request to have this court reconsider their application for IFP status.

**C11-06183 HRL Notice will be electronically mailed to:**

Francisco Vasquez
1829 Scharmann Lane
Manteca, CA 95336

Jose Vasquez
1829 Scharmann Lane
Manteca, CA 95336

Olga Leticia Vasquez
1829 Scharmann Lane
Manteca, CA 95336

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

4