**\*\* E-filed July 10, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANCISCO VASQUEZ; ET AL.,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>SELECT PORTOFOLIO SERVICES, INC.;<br>ET AL.,<br><br>　　　　　　Defendants. | No. C11-06183 HRL<br><br>**ORDER DENYING PLAINTIFFS'**<br>**OBJECTION AND REQUEST FOR**<br>**RECONSIDERATION**<br><br>**[Re: Docket No. 17]** |

On December 8, 2011, plaintiffs Francisco, Olga, and Jose Vasquez filed this action against numerous defendants, alleging they held an interest in real property that was fraudulently conveyed by the defendants. As this court detailed in a previous order, plaintiffs have brought a total of four cases in federal court alleging the same facts. Dkt. No. 15 ("Order Dismissing Case with Prejudice"). Each one of these cases has been dismissed. See Dkt. No. 15, pp. 1-2 (detailing the previous cases filed by these plaintiffs). The court determined that this case, like its predecessors, was barred by the *Rooker-Feldman* doctrine and lacked subject matter jurisdiction. Id. Accordingly, it dismissed the action with prejudice and entered a judgment of dismissal. Dkt. Nos. 15, 16. Shortly thereafter, plaintiffs filed this "Objection . . . and Request for Review De Novo or Reconsideration" of this court's dismissal of the case. Dkt. No. 17 ("Objection").

Plaintiffs' Objection is largely incomprehensible, but it does state that plaintiffs "are objecting to whudat [sic] purports to be an order of dismissal with prejudice. The plaintiffs are alleging that the magistrate judge lacked legal authority to enter this order and the actors

orchestrating this abuse shall be punished pursuant to civil and criminal law." Dkt. No. 17, pp. 1-2. The objection also contains several pages of predominantly illegible handwritten text.

The so-called objection styles itself an "Objection . . . and Request for Review De Novo or Reconsideration." The court may construe this filing in one of several ways. First, it could construe it as a motion for reconsideration pursuant to Civil L. R. 7-9(a). Second, it could construe it as a motion to amend judgment pursuant to Fed. R. Civ. P. 59(a). Finally, the court could construe it as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). However, upon consideration of the substance of plaintiffs' Objection, the court concludes that plaintiffs are not entitled to relief under any of the three possible interpretations.

A. <u>If Plaintiffs' Objection is a Motion for Leave to File a Motion for Reconsideration</u>

First, the court will analyze whether the Objection, construed as a motion for reconsideration, presents a basis for relief. "No party may notice a motion for reconsideration without first obtaining leave of the court to file the motion." Civ. L.R. 7-9(a). Plaintiffs did not seek leave of court before filing the ostensible motion for reconsideration. Despite this procedural error, and to give the plaintiffs the benefit of liberal construction for pro se filings, the court further construes the Objection as a request for leave to file a motion for reconsideration (hereinafter, "motion"). <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 529, 520-21 (1972) (stating that pro se pleadings should be "liberally construed.")

The moving party in a motion for leave to file a motion for reconsideration must show that: (1) a material difference in fact or law exists from that which was presented to the court, and the party did not know of such fact or law before entry of the order; (2) new material facts or a change of law occurred after the entry of the order; or (3) the court failed to consider material facts or legal arguments presented before entry of the order. See Civ. L.R. 7-9(b).

Plaintiffs' motion lacks merit. Not only did the plaintiffs fail to obtain leave of court before filing their motion for reconsideration as required by Civil Local Rule 7-9(a), they also failed to make their request before entry of judgment. Civil Local Rule 7-9(a) makes clear that motions for reconsideration may only be made before the entry of judgment. <u>See</u> Dkt. No. 16 (entering judgment of dismissal before plaintiffs filed their motion). Even if these procedural errors were not present,

plaintiffs have failed to satisfy the necessary standard for the court to grant leave to file a motion for reconsideration. Plaintiffs' filing fails to offer any of the three grounds for reconsideration. Instead, plaintiffs simply attempt to re-raise the same claim contained in their complaint—that they have a valid fraudulent conveyance claim over which this court should exercise supplemental jurisdiction. In addition, the motion appears to argue that this court "abused" plaintiffs by "purportedly" dismissing the case and that it deserves to be "punished pursuant to civil and criminal law." There is no evidence to suggest that any of the grounds for reconsideration are present in this motion.

### B. If Plaintiffs' Objection is a Rule 59(e) Motion to Amend Judgment

Next, the court will consider whether plaintiffs' Objection can be viewed as a motion to amend judgment that would merit granting plaintiffs' requested relief. "A motion to alter or amend judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). "[T]he federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits." White v. N.H. Dep't of Employment Sec., 455 U.S. 445, 451 (U.S. 1982). "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is 'necessary to correct manifest errors of law or fact upon which the judgment is based;' 2) the moving party presents 'newly discovered or previously unavailable evidence;' 3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change in controlling law.'" Turner v. Burlington Northern Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting McDowell v. Calderon, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999) (internal citations omitted)). A Rule 59(e) motion "may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised prior to entry of judgment." DEMASSE v. IT&T, 915 F. Supp. 1040, 1048 (D. Ariz. 1996) (citing 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1 at 127-28).

Plaintiffs have filed their Objection within 28 days after entry of judgment. However, they present no grounds for granting a motion to amend judgment. The grounds for granting a Rule 59(e) judgment somewhat overlap the grounds for granting a motion for reconsideration. As discussed above, plaintiffs have not argued that newly discovered evidence merits an amendment to the judgment, nor have they shown that an intervening change in law has occurred. They make no

argument that their motion is necessary to correct manifest errors of law or fact on which the judgment is based, except, perhaps, insofar as they erroneously argue that this court can and should exercise "supplemental jurisdiction" over their state law claim. Plaintiffs clearly do believe that the dismissals of all four federal actions they have filed represent an injustice, and even go so far as to suggest that officers of this court are intentionally and illegally aiding the defendants by refusing to hear plaintiffs' case. However, there is no manifest injustice where plaintiffs have merely chosen the wrong forum in which to litigate their claims (or, as was the case in several of these actions, including this one, where dismissal resulted in part from plaintiffs' failure to pay the required filing fee). Accordingly, plaintiffs present no basis for granting a motion to amend judgment under Rule 59(e).

C. <u>If Plaintiffs' Objection is a Motion for Relief from Judgment</u>

Finally, the court will attempt to construe plaintiffs' objection as a Fed. R. Civ. P. 60(b) motion for relief from judgment. Rule 60 permits a court to "relieve a party . . . from a final judgment" on one of six grounds: (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial;" (3) fraud, misrepresentation, or misconduct by an opposing party; (4) "the judgment is void;" (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reserved or vacated; or applying it prospectively is no longer equitable;" or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). "Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are committed to the sound discretion of the trial judge." <u>Blair v. Shanahan</u>, 38 F.3d 1514, 1518 (9th Cir. 1994) (<u>citing</u> <u>Thompson v. Housing Authority</u>, 782 F.2d 829, 832 (9th Cir.), <u>cert. denied</u>, 479 U.S. 829, 93 L. Ed. 2d 60, 107 S. Ct. 112 (1986)). "A Rule 60(b)(1) movant must demonstrate that he 'has a meritorious [claim for relief] and that arguably one of the four conditions for relief applies-mistake, inadvertence, surprise or excusable neglect.' <u>United States EEOC v. Happy Dog Enters., LLC</u>, 2008 U.S. Dist. LEXIS 104518, *9 (N.D. Cal. Dec. 15, 2008) (<u>quoting</u> <u>Ben Sager Chem. Int'l. v. E. Targosz & Co.</u>, 560 F.2d 805, 809 (7th Cir. 1977)).

4

1  Once again, plaintiffs fail to present any argument that would justify granting their Objection
2  as a motion for relief from judgment. First, plaintiffs have failed to show that they have a
3  meritorious claim for relief that would permit this court to exercise jurisdiction over their case.
4  Plaintiffs' contentions throughout their filings in this action have been (1) that the defendants
5  fraudulently conveyed real property that belonged to plaintiffs; and (2) that the state court
6  incorrectly ruled in favor of the defendants in the unlawful detainer action that first led plaintiffs to
7  file suit in federal court. As this court explained in its Order of Dismissal, these claims do not create
8  federal subject matter jurisdiction, and indeed, plaintiffs' attempt to use the federal court to obtain a
9  different result than the one they received in state court is impermissible under the *Rooker-Feldman*
10 doctrine. See Dkt. No. 15 at 3; D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (U.S. 1983);
11 Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (U.S. 1923).

12  Second, plaintiffs only make one argument that could be construed as a basis for relief from
13 judgment pursuant to Rule 60(b). They argue that the undersigned lacked authority to enter an order
14 dismissing the case with prejudice. Presumably, this is an argument that the judgment is void, which
15 is grounds for granting relief from judgment. However, plaintiffs present an incorrect statement of
16 the facts and law. Pursuant to 28 U.S.C. § 636(c)(1), a magistrate judge "upon the consent of the
17 parties . . . may conduct any and all proceedings in a jury or nonjury civil matter and order the entry
18 of judgment in the case. . . ." These plaintiffs each filed a signed form consenting to magistrate
19 judge jurisdiction for all purposes. Dkt. Nos. 6-8. Since the defendants in this action were never
20 served, their consent was not required. Therefore, the undersigned did have authority to conduct all
21 proceedings in this action, including dismissal of the case and entry of judgment of dismissal.
22 Accordingly, plaintiffs' sole argument in support of relief from judgment fails.

23  Accordingly, plaintiffs' request for relief is DENIED whether the court views it as a motion
24 for leave to file a motion for reconsideration, a motion to amend judgment, or a motion for relief
25 from judgment. This order is entered pursuant to the undersigned's authority under 28 U.S.C. §
26 626(c) and the express consent of the parties.

27  **IT IS SO ORDERED.**

28

Dated: July 10, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-06183 HRL Notice will be mailed to:**

Francisco Vasquez
1829 Scharmann Lane
Manteca, CA

Olga Vasquez
1829 Scharmann Lane
Manteca, CA

Jose Vasquez
1829 Scharmann Lane
Manteca, CA

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**